UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SOUTHERN PIONEER PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:21-CV-112-TAV-JEM |
| JUAN FRANCISCO CASTELLANOS GONZALEZ, ONIEL SANTIESTEBAN-ARIAS, d/b/a A&J AUTO SALES & MOTOR SPORTS AUTO SALE, DILLON WEBB, as parent and natural guardian for B.K.W, a minor child, and C.W., a minor child, and DILLON WEBB, individually, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's motion for judgment on the pleadings [Doc. 21]. Defendant has not responded, and the time for doing so has long passed. *See* E.D. Tenn. L.R. 7.1(a). Also before the Court is plaintiff's motion for a status or pretrial conference [Doc. 23]. For the reasons stated below, plaintiff's motion for judgment on the pleadings [Doc. 21] will be **GRANTED** and plaintiff's motion for a status or pretrial conference [Doc. 23] will be **DENIED** as moot.

**I.     BACKGROUND**

In its complaint, plaintiff seeks declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.*, and Federal Rule of Civil Procedure 57, relating to the interpretation of a

Commercial Package Insurance Policy ("the Policy") issued by plaintiff to Oniel Santiesteban-Arias [Doc. 1 ¶ 5; Doc. 12 ¶ 5 (admitting); Doc. 13 ¶ 5 (admitting)]. Plaintiff asserts that a true and correct copy of the Policy is attached as Exhibit A to the complaint [Doc. 1 ¶ 9; Doc. 12 ¶ 9 (admitting); Doc. 13 ¶ 9 (asserting insufficient knowledge)]. The Policy was initially issued for the period of June 1, 2019, through June 1, 2020, but was renewed for another period until June 1, 2021 [Doc. 1 ¶ 10; Doc. 12 ¶ 10 (admitting); Doc. 13 ¶ 10 (asserting insufficient knowledge)].

On January 4, 2021, Dillon Webb filed a lawsuit in the Hamblen County Circuit Court against Santiesteban-Arias and Juan Francisco Castellanos Gonzalez, asserting various negligence-based claims stemming from a motor vehicle accident that occurred on September 23, 2020 [Doc. 1 ¶ 11]. The lawsuit also alleges that Gonzalez was engaged in reckless conduct and seeks punitive damages based on that conduct [*Id.* ¶ 12]. Plaintiff asserts that a true and correct copy of the Hamblen County complaint is attached as Exhibit B [*Id.* ¶ 11]. Gonzalez and Santiesteban-Arias admit the existence of the Hamblen County lawsuit, and that Exhibit B is a true and correct copy of the Hamblen County action, but deny any liability [Doc. 12 ¶¶ 11–12; Doc. 13 ¶¶ 11–12].

Plaintiff states that, based on its plain language, the Policy provides no coverage for Gonzalez or Santiesteban-Arias in the Hamblen County lawsuit [Doc. 1 ¶ 13; Doc. 12 ¶ 13 (denying); Doc. 13 ¶ 13 (denying)]. Specifically, plaintiff asserts that the Policy provided liability protection, subject to the terms, conditions, limitations, and exclusions set forth in the Policy [Doc. 1 ¶ 20; Doc. 12 ¶ 20 (admitting); Doc. 13 ¶ 20 (asserting insufficient

2

knowledge)]. Gonzalez is not a named insured or a "Scheduled Driver" under the Policy [Doc. 1 ¶ 21; Doc. 12 ¶ 21 (denying); Doc. 13 ¶ 21 (asserting insufficient knowledge)]. Moreover, Santiesteban-Arias completed an Auto Dealer Application ("the Application") as part of the Policy, which contained a "Named Driver Exclusion Agreement" [Doc. 1 ¶ 23; Doc. 12 ¶ 23 (asserting document speaks for itself); Doc. 13 ¶ 23 (asserting insufficient knowledge)]. That provision specifically stated that "no coverage is afforded by this policy while any vehicle is being used, driven, or manipulated by or under the care, custody or control of: Named Excluded Driver: JAUN GONZALEZ" [*Id.*; Doc. 1-2, p. 5]. In accordance with the Application, the Policy includes a Named Driver Exclusion endorsement, which states that:

> The amount of premium for this policy and **our** continuing this policy in force is based on **your** telling **us** that the person named below will not operate or used a covered **auto**.
>
> Excluded driver(s):
>
> | Name | Date of Birth | Driver's License # |
> |---|---|---|
> | (1) Juan Gonzalez | \*\*/\*\*/1972 | _____ |
>
> . . .
>
> This policy does not apply to damage, **accidents**, or **losses** which occur while a covered **auto** is being operated or used by the above named person(s). This applies whether or not **you** have given **your** express or implied permission for this operation or use.

[Doc. 1 ¶ 24; Doc. 12 ¶ 24 (asserting document speaks for itself); Doc. 13 ¶ 24 (asserting insufficient knowledge); Doc. 1-2, p. 61]. This endorsement was signed by Santiesteban-Arias [*Id.*].

3

Based on this endorsement in the Policy, plaintiff contends that Gonzales is a specifically excluded driver under the terms of the Policy, and therefore, the causes of action in the Hamblen County lawsuit are specifically excluded from coverage [*Id.* ¶¶ 26–27]. Santiesteban-Arias admits that Exhibit A lists Juan Gonzalez as a "Named Excluded Driver" but denies the remaining allegations of Paragraphs 26 and 27, and Gonzalez asserts insufficient information as to these paragraphs [Doc. 12 ¶¶ 26–27; Doc. 13 ¶¶ 26–27]. Plaintiff contends that there is no coverage under the Policy for the accident on September 23, 2020, and plaintiff has no duty to defend Gonzalez or Santiesteban-Arias in the Hamblen County lawsuit [Doc. 1 ¶ 28; Doc. 12 ¶ 28 (denying); Doc. 13 ¶ 28 (denying)]. Plaintiff therefore seeks a declaratory judgment stating:

> Commercial Package Insurance Policy (Policy No. CP00009360, Exhibit A) issued by Southern Pioneer to defendant Santiesteban-Arias does not provide liability protection for any of the allegations set forth in the Hamblen County Lawsuit filed by defendant Webb against defendants Gonzale[z] and Santiesteban-Arias . . . [and] Southern Pioneer does not owe a duty to defend defendants Gonzale[z] and Santiesteban-Arias (either or both of them) against the allegations set forth in the referenced underlying Hamblen County Lawsuit filed by defendant Webb and that Southern Pioneer should be relieved of all future obligations to defend and/or indemnify defendants Gonzale[z] and Santiesteban-Arias under the terms and conditions of the Policy[.]

[Doc. 1 ¶ 46]. Plaintiff requests an award of costs and attorney's fees incurred in prosecuting this action [*Id.*].

II. ANALYSIS

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the

4

pleadings." The standard of review applicable to a motion for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6), and the Court likewise may not consider matters outside the pleadings. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001); Fed. R. Civ. P. 12(d). However, the Court may consider exhibits attached to the complaint. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008). "All well pleaded material allegations of the non-moving party's pleadings are taken as true and allegations of the moving party that have been denied are taken as false." *Bell v. JP Morgan Chase Bank*, No. 06-11550, 2006 WL 1795096, at *1 (E.D. Mich. June 28, 2006) (citing *S. Ohio Bank v. Merryl Lynch Pierce Finner and Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The motion should be granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993) (citation omitted).

Under Federal Rule of Civil Procedure 8, a responding party must "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). "A denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). If a party fails to deny an allegation, it is deemed admitted. Fed. R. Civ. P. 8(b)(6).

In this case, the parties to the Policy agree that Exhibit A is a true and correct copy of the Policy [Doc. 1 ¶ 9; Doc. 12 ¶ 9]. Moreover, Santiesteban-Arias, the only defendant who is a party to the Policy, answers plaintiff's assertions about the contents of the Policy, and specifically, the portions naming Gonzalez as an excluded driver by stating that the document "speaks for itself" [Doc. 12 ¶¶ 23–24]. However, a response to an allegation

5

concerning the contents of an attached document that merely claims the document "speaks for itself" is not a proper response under Rule 8. *See Back v. Ray Jones Trucking, Inc.*, No. 4:22-cv-5, 2022 WL 993555, at *3 (W.D. Ky. Apr. 1, 2022) (holding that responses that allegations "refer to a document, which speaks for itself" was not in accordance with Rule 8(b)); *Aprile Horse Transp. Inc. v. Prestige Delivery Systems, Inc.*, No. 5:13-cv-15, 2015 WL 4068457, at *5 (W.D. Ky. July 2, 2015) ("Stating that a document speaks for itself avoids the purpose of requests for admission, *i.e.*, narrowing the issues for trial."); *Fuhrman v. United of Omaha Life Ins. Co.*, No. 1:19-cv-783, 2019 WL 13102134, at *1 (W.D. Mich. Dec. 17, 2019) (stating that a "speaks for itself" response is a "popular, yet impermissible, pleading tactic" and noting that this response "impairs the ability of the Court to understand the nature and scope of the case"). Accordingly, because he has not properly denied the allegations, the Court will deem Santiesteban-Arias to have admitted the contents of the Policy, including the named excluded driver provisions.

Additionally, "[a]lthough all well-pleaded material allegations of the pleadings of the opposing party must be taken as true" in analyzing a motion for judgment on the pleadings, the Court is not required to accept a party's legal conclusions as true. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581–82 (6th Cir. 2007). Under Tennessee law "[t]he interpretation of written agreements is a question of law[.]" *Maggart v. Almany Realtors, Inc.*, 259 S.W.3d 700, 703 (Tenn. 2008); *see also Planters Gin Co. v. Federal Compress & Warehouse Co. Inc.*, 78 S.W.3d 885, 890 (Tenn. 2002) (stating that the "determination of the intention of the parties is generally treated as a question of law

6

because the words of the contract are definite and undisputed, and in deciding the legal effect of the words, there is no genuine factual issue left for a jury to decide"). Accordingly, even to the extent that either Santiesteban-Arias or Gonzales have denied the allegations relating to the contents of the Policy, the Court may nonetheless interpret the contract under Tennessee law.

"The cardinal rule for interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention, consistent with legal principles." *Maggart*, 259 S.W.3d at 703–04 (internal quotation marks omitted). The intent of the parties is "presumed to be that specifically expressed in the body of the contract." *Planters Gin*, 78 S.W.3d at 890. "If the language of the contract is clear and unambiguous, the literal meaning controls the outcome of the dispute." *Maggart*, 259 S.W.3d at 704. A contract is only ambiguous "when it is of uncertain meaning and may fairly be understood in more ways than one." *Planters Gin*, 78 S.W.3d at 8909 (quoting *Empress Health & Beauty Spa, Inc. v. Turner*, 503 S.W.2d 188, 190–91 (Tenn. 1973)).

Here, the Court finds no ambiguity in the provisions of the Policy relating to Gonzalez's status as an excluded driver. On its face, the Policy plainly states that Gonzalez is an "excluded driver" and that the Policy affords "no coverage . . . while any vehicle is being used, driven, or manipulated by or under the care, custody or control of" Gonzalez [Doc. 1-2, p. 5]. Further, the Policy explains that the exception to coverage when an automobile is driven by Gonzalez applies regardless of whether Santiesteban-Arias had given Gonzalez permission to use the automobile [*Id.* at 61]. These provisions clearly

7

establish that no coverage was afforded under the Policy when Gonzalez was operating one of the covered vehicles, regardless of whether Santiesteban-Arias had permitted Gonzalez to use the covered vehicle. The Court ascertains no ambiguity or alternate interpretation of these provisions, and defendants have not responded to provide any such alternate interpretations. Accordingly, the Court finds that the Policy provides no coverage for accidents occurring when Gonzalez was operating a covered vehicle.

Furthermore, both Santiesteban-Arias and Gonzalez have admitted that Exhibit B is a true and correct copy of the Hamble County lawsuit [Doc. 12 ¶ 11; Doc. 13 ¶ 11]. Exhibit B, the Hamblen County complaint, on its face, establishes that the Hamblen County lawsuit involves an accident that allegedly occurred while Gonzalez was operating one of Santiesteban-Arias's vehicles, during the course of his employment for Santiesteban-Arias, and allegedly struck a child, resulting in serious injury [Doc. 1-3]. Accordingly, based on the plain language of the Policy, plaintiff has no obligation to defend Santiesteban-Arias or Gonzales in the Hamblen County lawsuit, as the alleged damages arose from an incident that occurred while Gonzalez, a named excluded driver, was operating a covered vehicle. Plaintiff's motion for judgment on the pleadings [Doc. 21] is therefore well-taken and will be **GRANTED**.

### III. CONCLUSION

For the reasons stated above, the Court finds that, based on defendant's admissions, there are no genuine issues of material fact and plaintiff is entitled to judgment as a matter of law. Accordingly, plaintiff's motion for judgment on the pleadings [Doc. 21] will be

8

**GRANTED**. Because judgment will enter in plaintiff's favor, plaintiff's motion for a status or pretrial conference [Doc. 23] is **DENIED** as moot. An appropriate order will follow.

    IT IS SO ORDERED.

                                      s/ Thomas A. Varlan
                                      UNITED STATES DISTRICT JUDGE